Opinion of the Court, by
Ch. J. Boyle.
AT the May term 1809, of the Bourbon circuit court, Taylor recovered a judgment in an action of ejectment against Delay, for the land on which Delay resided; and at the same term, Delay, claiming to hold the land under an adverse claim derived from the commonwealth, obtained an order appointing commissioners to assess the rents, improvements, &c. under the act of 1797 concerning occupying claimants of land. In November 1809, Taylor having, in virtue of a writ of habere facias possessionem, evicted Delay, sold and conveyed land to Hayden. At the May term 1813, the order appointing commissioners was rescinded, and at the May term 1814, after a motion for proceedings against Hayden as a purchaser from Taylor and then in possession, or to subject the land to the payment of the balance due for improvements, was overruled, another order was made, appointing commissioners, as against Taylor; and they having made their report, a judgment was entered against him at the August term 1814, for the balance due for improvements. The amount of the judgment thus rendered, Delay was unable to collect of Taylor, in consequence of his insolvency; and for the purpose of subjecting the land to the payment thereof, Delay exhibited his bill in equity against both Taylor and Hayden, alleging the insolvency of Taylor, and that Hayden had purchased the land for an inadequate consideration, upon an agreement to pay for the improvements, and insisting that, independent of such an agreement, he had an equitable lien upon the land for the amount of the improvements.
Hayden, in his answer, denies the alleged agreement to pay for the improvements, avers that he is a bona fide purchaser for a fair and full price, after Taylor had acquired the possession, and controverts the existence of a lien upon the land for the improvements. Taylor failed to answer, and on a final hearing, the circuit court, being of opinion that the land was liable to Delay’s judgment for the improvements, pronounced *279 a decree ordering it to be sold, unless the amount of the judgment was paid to Delay by a day therein named. From that decree Hayden has appealed to this court.
As Hayden denies, by his answer, any agreement on his part to pay for the improvements, and there is no evidence of such an agreement, it is obvious that the decree of the circuit court can be sustained only upon the ground of an existing equitable lien upon the land. If, however, the land, before it was conveyed by Taylor, was subject to such a lien, there can be but little doubt of its remaining so in the hands of Hayden; for as there was a proceeding pending to obtain compensation for the improvements, when Hayden purchased, the presumption is, that he knew that the improvements had not been paid for; and a purchaser must always take land subject to all known incumbrances, as well equitable as legal. But, on the other hand, if the land was not, when owned by Taylor, subject to such a lien, it is perfectly clear that none could attach to it in the hands of Hayden.
A lien is a special right which one has in that of which another has the general property; and, to the extent of the lien, it is an abridgment of the dominion which the latter has in the thing. From its nature, therefore, a lien can only be created by the consent of the party who has the general property, or by the operation of some positive rule; or, in other words, it can only exist where the person having the absolute dominion of the thing has so far voluntarily parted with his right, or it has been taken from him without his consent. Besides these, we can conceive of no assignable principle upon which a lien which one person may have in that of which another has the general property, can be founded; and if this case be examined with reference to these principles, the examination, we apprehend, must inevitably result in the conclusion, that there existed no lien upon the land, when owned by Taylor, for the amount of the judgment for the improvements made by Delay.
It cannot be pretended, that there was any agreement or consent by Taylor, to the seating and improving of the land by Delay. The very nature of their respective claims repels every presumption of any agreement or consent of that sort; and if he did not *280 consent to the seating and improving of the land by Delay, much less could he have created, by his consent, a lien upon the land for the improvements.
If a lien existed, therefore, it must be in virtue of some positive rule or provision of law, which gave it without the consent of Taylor. We are aware, however, of no rule which can have that effect. If there were such a rule, we would naturally expect to find it in the act of 1797 concerning occupying claimants of land, under which the judgment for the improvements was obtained by Delay; but there is evidently no provision of that act which can be construed to give such a lien; on the contrary, the act, by authorising a judgment, not against the land, but against the successful claimant generally, as was given in this case against Taylor, plainly proceeds upon the principle that the obligation to pay for the improvements is a personal obligation, and not a specific lien upon the land. It is true, if a lien in such a case existed prior to the act concerning occupying claimants, that the provisions of that act cannot be construed to take it away; but it is utterly incompatible with the general principles of equity, to suppose that a lien can exist in any case, without being created by the consent, either express or implied, of the person who has the general property in the thing. A bona fide possessor, who, by his money and labor, meliorates the lands of another, is undoubtedly, upon the principles of equity, independent of any positive law, entitled to a compensation for such melioration; and until the compensation is made, he will have a right to retain the possession, in every case where the aid of a court of equity is resorted to by the proprietor to regain the possession. But this is not upon the principle that the bona fide possessor has a lien upon the land, but upon the principle that he who demands equity, must do equity to the person from whom he demands it.
The decree must, therefore, be reversed with costs, and the cause be remanded, that the bill may be dismissed with costs.